# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CR419-127 |
| DE'VON LE'EDWARD WALKER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant De'Von Le'Edward Walker pleaded guilty to a single count of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a). Doc. 44 at 1 (Judgment). He was sentenced to 240 months of imprisonment. *Id*. at 2. He appealed the sentence as procedurally and substantively unreasonable. *See* doc. 58 at 1 (Court of Appeals Opinion). The Court of Appeals affirmed the sentence. *Id*. at 14. He has now filed a document in the nature of correspondence to the District Judge referring to a "grievance complaint" against his appointed counsel, Robert C. Hughes, "for ineffective assistance of counsel," and a "request for modification [and] reduction of sentence." Doc. 61 at 1. He also requests "extended access" to the law library at the Chatham County Detention Center. Doc. 62.

Walker's motion to "modify" his sentence cites to no legal authority. *See generally* doc. 61. The substance of the motion asserts that his counsel provided ineffective assistance in advising him about his guilty plea. *Id.* at 1–2. He also includes additional facts he apparently contends bear on his sentence. *See id.* at 2–3. The Government, in response to his pleading, correctly points out "[t]he legal avenues by which a court may modify a final judgment are narrow and rare." Doc. 63 at 1. Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582(c) identify extremely limited circumstances where such a modification is available, and none appear applicable here. *See id.* at 2 (citing *United States v. Castra*, 152 F. App'x 777, 781 (11th Cir. 2005)); *see also United States v. Smith*, 2020 WL 1674556, at * 2 (S.D. Ga. Apr. 6, 2020) (where no statutory exception applies, the Court lacked authority to modify a sentence). Although the Court lacks authority to "modify" Walker's sentence, the Government suggests his claims "conceivably could be brought as a motion pursuant to 28 U.S.C. § 2255." Doc. 651 at 3. The Court agrees.

Before the Court can consider the substance of Walker's pleading, construed as a § 2255 motion, he requires a *Castro* warning. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the

pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223, at * 1 (S.D. Ga. Sept. 28, 2016).

Pursuant to *Castro*, the Court warns Walker that it will recharacterize his motion as a § 2255 motion.  If he chooses to proceed with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely.  He has thirty days to decide what to do.  If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of her intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion. Accordingly, the Court **DIRECTS** Walker to make his *Castro* election within thirty days of

service of this Order. The Clerk is **DIRECTED** to furnish him with a § 2255 motion form, should he wish to amend his motion.

For administrative purposes, the Clerk is **DIRECTED** to open a new civil case associated with Walker's pleading, construed as a § 2255 motion. The Clerk should docket into that case the original "motion," doc. 61, Walker's motion for law library access, discussed below, doc. 62, and a copy of this Order into the new case. Any response to this Order from Walker should be docketed in both this criminal case and the new civil case, pursuant to the Clerk's standard procedure for docketing pleadings in § 2255 cases.

Walker also requests that the Court issue an order directing the Chatham County Detention Center provide him with "extended" access to the law library. *See* doc. 62. As he is, or will be, proceeding *pro se*, plaintiff has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or

impeded the inmate's efforts to pursue a nonfrivolous legal claim."). The Court, however, cannot order that his access to privileges be increased beyond what the detention facility deems adequate, as such relief is beyond the scope of this action, even construed as a pending § 2255 motion. *See Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody *and it cannot be used properly for any other purpose.*" (emphasis added))[1].  As this Court has explained, "[t]he appropriate channel for [injunctive relief related to the conditions of a prisoner's confinement] is an action pursuant to 42 U.S.C. § 1983 (. . .)." *Reddick v. Smith*, 2007 WL 1135517, at * 1 (S.D. Ga. Apr. 16, 2007). Therefore, the request for an order directing the Chatham County

---

[1] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Detention Center to provide additional legal resources is **DENIED**. Doc. 62.

    **SO ORDERED,** this <u>1st</u> day of March, 2021.

                                        */s/ Christopher L. Ray*
                                        CHRISTOPHER L. RAY
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA